**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| BONITA CARDEN, Individually and On Behalf of All Other Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:10-cv-01112-NKL |
| vs. | ) ) | |
| SCHOLASTIC BOOK CLUBS, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff Bonita Carden's Motion for Conditional Class Certification pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA") [Doc. # 58]. For the following reasons, the Court grants the Motion in part.

**I.     Background**

Bonita Carden worked for Scholastic at its Moberly, Missouri Call Center from about August 7, 2000 through September 31, 2010 as a Customer Service Representative. Scholastic operates "call centers" at its facilities in Jefferson City and Neosho, Missouri, and also operated a call center at its facility in Moberly, Missouri until April 29, 2011. Carden claims that Scholastic fails to pay their nonexempt call center employees for "off the clock" work. Additionally, Carden claims that Scholastic pays non-discretionary bonuses, but that those bonuses were not included in the regular rate of pay for overtime compensation in violation of the FLSA.

1

Carden alleges that she was required to arrive at work prior to her scheduled shift in order to be ready to take calls at the start of the shift. Carden testified that she performed pre-shift work activities that included "logging into the computer system, opening programs necessary to perform [her] job, and reading company emails" without compensation. [Doc. # 59-2, Ex. 1]. From her personal observations and experiences, Carden testified that other hourly non-exempt employees with the same job responsibilities were required to be ready to log onto the phone at the beginning of the shift, which required the employee's computer and programs to be up and running before the shift began, and were unpaid for this work. [*Id.* at 2].

Carden also alleges that she received non-discretionary bonuses for perfect attendance, and that those bonuses were not calculated in her regular pay. Carden claims that this practice resulted in the erroneous and unlawful calculation of her overtime hours. [*Id.* at 2]

## II. Discussion

### A. Collective Action Certification

Section 216(b) of the FLSA provides that an employee may bring an action for herself and other employees "similarly situated." 29 U.S.C. § 216(b). A Section 216(b) collective action differs significantly from class actions under Rule 23 of the Federal Rules of Civil Procedure. The primary difference is that, under Section 216(b), a similarly situated employee must "opt-in" to the collective action to be bound by the proceeding's outcome, whereas under Rule 23, a similarly situated plaintiff must "opt-out" to avoid being bound.

§ 216(b); Fed. R. Civ. P. 23. One consequence of this difference is that standards governing class claims under Rule 23, including those related to numerosity, do not apply to collective action claims under the FLSA. *See, Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure.").

Federal courts have used varying standards to determine whether potential opt-in plaintiffs are "similarly situated" under Section 216(b). *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005). Though the Eighth Circuit Court of Appeals has not indicated which standard should be used, a majority of the district courts in the Eighth Circuit use the two-step analysis adopted in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir.1995). *See, e.g.*, *Davis*, 408 F. Supp. 2d 811, 815; *Bouaphakeo*, 564 F. Supp. 2d 870, 891; *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014 (E.D. Mo. 2010); 2010 WL 2545875, at *2 (D. Minn. June 21, 2010); *Dietrich v. Liberty Square L.L.C.*, 230 F.R.D. 574 (N.D. Iowa 2005); *Helmert v. Butterball, LLC*, No. 4:08CV00342, 2009 WL 5066759, at *3 (E.D. Ark. Dec. 15, 2009).

Under this two-step process, the plaintiff first moves for collective action certification. The plaintiff's motion for certification is typically filed at an early stage of the litigation, thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class. *Mooney*, 54 F.3d at 1213-14; *Grayson*, 79 F.3d at 1096 (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action

standards). At this early stage of litigation, the Court does not reach the merits of the plaintiff's claims. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y.1997) (citation omitted). Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." *Mooney*, 54 F.3d at 1214.

At the second step of the process, the defendant may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision. *Id.*

In some cases, the Court will skip the "notice" step and move directly to a second-step evaluation of Plaintiffs' Motion for Class Certification. *Pfohl v. Farmers Ins. Group*, No. CV03-3080 DT (RCX), 2004 WL 554834, *3 (C.D. Cal. 2004) (court proceeded directly to the second stage of certification where parties did not dispute that discovery had been undertaken); *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (D.N.J. 2000) (applying a stricter standard where discovery had been completed).

In the instant case, the parties have not yet completed discovery, thus the Court finds that Cardens' Motion should be evaluated under the more lenient "notice stage" criteria.

### B. Single Decision, Policy or Plan

Scholastic argues that Carden fails to present substantial allegations of a single policy, plan or decision. During the first stage of the two-step process, "the plaintiffs need only establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." *Simmons v. Valspar Corp.*, 2011 U.S. Dist. LEXIS 39340, at *7 (D. Minn. Apr. 11, 2011) (quoting *Burch v. Qwest Communs. Int'l, Inc.*, 500

4

F.Supp 2d 1181, 1186 (D. Minn. 2007)). A "colorable basis" is established when Plaintiff comes forward with "something more than the mere averments in its complaint in support of its claim." *Id.*

In the instant case, Carden submits twelve sworn statements, an internal Scholastic memo, and Scholastic's response to her interrogatories. It is reasonable to infer from evidence submitted by Carden that she, and the employees whose statements were attached, would have learned during the normal course of their employment how the company operates and what the company's policies were. *See*, *e.g.*, *Simmons*, 2011 U.S. Dist. LEXIS 39340, at *11; *White v. MPW Indus. Servs.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006). In the absence of full discovery, it is sufficient at this stage.

Carden's submitted statements and other documents establish at least a colorable basis for her allegations that a company-wide policy exists to both deprive employees of pay for work done before and after shifts, and that Scholastic as a matter of policy does not include nondiscretionary bonus pay when calculating the regular rate of pay.

### C. Similarly Situated

Scholastic further argues that Carden does not sufficiently describe her purported similarly situated co-plaintiffs. The FLSA does not define the term "similarly situated." But, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y.1998); *Davis*, 408 F. Supp. 2d at 815 (holding that, at the notice stage,

conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."). Plaintiffs need not show that members of the conditionally certified class are actually similarly situated. That determination will be made after the close of discovery. *Davis*, 408 F. Supp. 2d at 815.

In this case, Carden asserts that the class members are similarly situated because Scholastic requires employees at each of its locations "to perform the same or similar work in excess of forty (40) hours per week." [Doc. # 1, at 4]. Carden offers her sworn declaration, as well as the declarations of eleven other employees who have filed Consent to Join forms, to support her allegations. [Doc. # 59, Ex. 2]. These declarations constitute a sufficient factual showing of Scholastic's common policy of improperly compensating employees for overtime hours, in violation of the FLSA, 29 U.S.C. § 201 et seq. *See Davis*, 408 F. Supp. 2d at 816 (noting that declarations provide appropriate support for conditional certification).

### D. Jefferson City Call Center

Carden requests that the similarly situated employees at the Jefferson City call center be included in the proposed certification. Scholastic notes that no employee from the Jefferson City location has signed a Consent to Join form nor submitted a sworn statement. However, Carden has sufficiently alleged that the putative class members are similarly situated non-exempt call center employees who work for Scholastic. *See Gipson v. Southwester Bell Tel. Co.*, 2009 U.S. Dist. LEXIS 33478, at *15 (D. Kan. Apr. 20, 2009)

6

(holding that the differences between call centers are more appropriately considered at the second stage after completion of discovery). There is no reason at this stage to think that Scholastic has a separate policy at the Jefferson City call center on such a basic issue. As a result, the Jefferson City call center employees will be included in the class.

E.  **Notice to Potential Class Members**

FLSA violations are subject to a two-year statute of limitations unless the violation is willful, in which case a three-year statute of limitations applies. 29 U.S.C. § 255(a). *Redman v. U.S. W. Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir.1998) ("An action is commenced under the FLSA when a party files suit. In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action."). *See also Bolton v. Sprint/United Mgmt. Co.*, No. 05-2361-JWL, 2006 WL 1789142, at *4 (D. Kan. June 29, 2006). Here, Carden alleges that Scholastic's violations are willful, therefore a notice should be sent to all non-exempt call center employees who have been employed by Scholastic in the last three years.

As to the specifics of the notice to be sent, Carden has attached a proposed notice to their motion, to which Scholastic offers several objections. [Doc. # 59, Ex. 8]. Carden does not address those objections in her reply. Accordingly, with regard to the form and substance of the notice and Consent To Join forms to be sent to putative collective action members, Carden's motion is denied without prejudice. Within 20 days of this order, the parties should confer and file a joint proposed notice and Consent To Join form. On any specific issues on which the parties cannot agree, the parties should indicate their respective positions.

7

Finally, Carden requests that Scholastic be ordered to produce a list of all potential class members including their last known address, telephone numbers, social security numbers, and dates of employment within fourteen days of the Court's order. Scholastic does not specifically contest the request. Scholastic is hereby ordered to produce to Cardens a list of all potential class members (i.e., those class members who are current non-exempt call center employees of Scholastic or have been non-exempt call center employees of Scholastic in the last three years) including their last known mailing address, telephone numbers, and dates of employment. The list must be produced within fourteen days from the date of this order in a usable format.

**III.   Conclusion**

Accordingly, it is hereby ordered that:

Carden's Motion for Conditional Class Certification [Doc. # 58] is GRANTED in part. The Court conditionally certifies a class of all individuals working as non-exempt call center employees who were required to perform pre and/or post shift work without compensation by Scholastic in the three years prior to the date of this order. It is further ordered that Bonita Carden is authorized to act as class representative and Brown & Associates LLC is authorized to act as class counsel.

Carden's motion to approve her Notice to Putative Class Members [Doc. # 59, Ex. 8] is DENIED without prejudice. Within 20 days of this order, the parties should confer and file a joint proposed notice and Consent To Join form. On any specific issues on which the parties cannot agree, the parties should indicate their respective positions. Carden's motion

for Scholastic to produce a list of all potential class members, including their last known address, telephone numbers, social security numbers and dates of employment is GRANTED. [Doc. # 58, at 2]. Scholastic shall provide Carden's counsel with the information in a useable format within fourteen days of this Court's order.

                                  s/ NANETTE K. LAUGHREY
                                    NANETTE K. LAUGHREY
                                    United States District Judge

Dated: July 8, 2011
Jefferson City, Missouri